UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIONNA ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | No. |
| | ) | |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

COMPLAINT

Now comes the Plaintiff, DIONNA ALLEN, by her attorney, ROGER S. HUTCHISON, and complaining against the defendant, states:

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. Sect. 1132(e)(1) and 1132(f). Those provisions give the district court's jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of a group long-term disability insurance plan administered by The Lincoln National Life Insurance Company ("Lincoln") for the benefit of employees, including the Plaintiff, of Evolent Health, LLC.

2. The ERISA statute provides, at 29 U.C.C. Sect. 1133, a mechanism for administrative or internal appeal of benefit denials.

3. Plaintiff has exhausted all of her pre-suit appeals. Venue is proper in the Northern District of Illinois 29 U.S.C. Sect. 1132(e)(2), 28 U.S.C. Sect. 1391.

**Nature of Action**

4. This is a claim seeking recovery of disability income benefits pursuant due under an employee benefits plan, which provided long term disability benefits under group contract number GF3-830-510510-01. ("the Policy")(a true and accurate copy of the policy is attached hereto as Exhibit "A") This action is brought pursuant to Sect. 502(a)(1)(B)of ERISA (29 U.S.C. Sect. 1132 (a)(1)(B). Plaintiff also seeks attorney's fees pursuant to 29 U.S.C. Sect. 1132(g) and ERISA Sect. 502(g).

**The Parties**

5. Dionna Allen, age 43 (born in 1980), is a resident of the City of Flossmoor, Illinois, and many of the events, transactions and occurrences relevant to Plaintiff's claim of disability took place within the State of Illinois, during Plaintiff's employment with Evolent Health, LLC in Chicago, Illinois.

6. At all times relevant hereto, the Policy constituted

an "employee welfare benefit plan" as defined by 29 U.S.C. Sect. 1002(1). Incident to her status as an employee of Evolent Health, LLC, Plaintiff received coverage under the Policy as the "Insured" as defined by Sect. 1002(7). This claim relates to benefits under the foregoing LTD Policy.

7. At all times relevant hereto, the LTD policy constituted an "employee welfare benefit plan" as defined by 29 U.S.C. Sect. 1002(1); and incident to her employment, Dionna Allen received coverage under the Policy as a "participant" as defined by 29 U.S.C. Sect. 1002(7).

**Statement of Facts**

8. Dionna Allen was actively and successfully employed by Evolent Health, LLC as a Data Operations Analyst, until June 1, 2021, when she had to cease working due to Fibromyalgia, Pelvic Floor Dysfunction with Chronic Pelvic Pain and Cervical and Lumbar Radiculopathy.

9. Dionna Allen subsequently returned to work part-time but then ceased working altogether on September 22, 2022 and has not performed any substantial gainful activity since September 22, 2022.

10. Dionna Allen filed a claim for long term disability benefits, alleging that her disabling medical conditions rendered her unable to work, was found to be disabled and was paid long term disability benefits by

Lincoln through August 30, 2023

11. On October 25, 2023, after subsequent further evaluation, Lincoln found that Dionna Allen's disability did not satisfy the 'Any Occupation' standard which was applicable as of August 30, 2023, and notified her that benefits would be paid through October 25, 2023 and that her claim was closed as of August 30, 2023.

14. After receiving Lincoln's denial of long term disability benefits, DIONNA ALLEN filed a detailed appeal of the benefits denial which contained substantial medical and other evidence that supported DIONNA ALLEN's claim that her medical problems met the definition of disability under the policy as of August 30, 2023 and continuing.

15. Without cause or reasonable justification, Lincoln subsequently issued a second denial of Benefits on May 10, 2024, in which Lincoln maintained the position that the evidence did not support the Any Other Occupation definition of disability.

16. Lincoln's actions have now foreclosed all avenues of administrative appeal and this matter is ripe for judicial review.

17. Dionna Allen is entitled to long-term disability benefits from August 30, 2023 to the present and on an ongoing basis at $3,582.15 per month, plus interest on all overdue payments

at the rate of 9% in accordance with 215 ILCS 5/357.9 or 357.9a, and continuing benefits.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A. That the court enter judgment in Plaintiff's favor and against the Defendant for Plaintiff’s past-due long term disability income benefits under the Policy;

B. That the court order the defendants to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment at a rate of 9% in accordance with 215 ILCS 5/357.9;

C. That the court award attorneys' fees pursuant to 29 U.S.C. Sect. 1132(g); and

D. That Plaintiff recover all costs of suit.

Respectfully submitted,

/s/ *Roger S. Hutchison*
Attorney for Plaintiff

Roger S. Hutchison
Hutchison Law
16860 South Oak Park Avenue
Suite 101
Tinley Park, Illinois 60477
312-498-3962