**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DIONNA ALLEN,** | ) | |
| | ) | **Case No. 1:24cv04819** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Judge: Mary M. Rowland** |
| **vs.** | ) | |
| | ) | |
| **THE LINCOLN NATIONAL** | ) | |
| **LIFE INSURANCE COMPANY,** | ) | **Magistrate Judge: Jeannice W. Appenteng** |
| | ) | |
| **Defendant.** | ) | |

**<u>DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT</u>**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Dionna Allen ("Plaintiff"), and states as follows:

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. Sect. 1132(e)(1) and 1132(f). Those provisions give the district court's jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of a group long-term disability insurance plan administered by The Lincoln National Life Insurance Company ("Lincoln") for the benefit of employees, including the Plaintiff, of Evolent Health, LLC.

**ANSWER: Lincoln admits the Court has jurisdiction over this action under the Employee Retirement Income Security Act ("ERISA"). Lincoln admits Plaintiff was, at certain times, employed by Evolent Health, LLC ("Evolent"), and was, at certain times, a participant in the Evolent Health, LLC Long-Term Disability Plan (the "LTD Plan") sponsored by Evolent to provide disability benefits to certain of its employees. Lincoln**

**admits that the LTD Plan is an employee benefit plan as defined by ERISA. Lincoln further admits only that it was, at certain times, the claims administrator of the LTD Plan for claims under the Policy. Lincoln specifically denies that it was the Plan Administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 1 of the Complaint.**

2. The ERISA statute provides, at 29 U.C.C. Sect. 1133, a mechanism for administrative or internal appeal of benefit denials.

**ANSWER: To the extent that Paragraph 2 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.**

3. Plaintiff has exhausted all of her pre-suit appeals. Venue is proper in the Northern District of Illinois 29U.S.C. Sect. 1132(e)(2), 28 U.S.C. Sect. 1391.

**ANSWER: To the extent that Paragraph 3 contains legal conclusions, Lincoln is not required to answer. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of LTD benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln admits that venue of this action is proper in this Court. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.**

## Nature of the Action

4. This is a claim seeking recovery of disability income benefits pursuant due under an employee benefits plan, which provided long term disability benefits under group contract number GF3-830-510510-01. ("the Policy") (a true and accurate copy of the policy is attached hereto as Exhibit "A") This action is brought pursuant to Sect. 502(a)(1)(B)of ERISA (29 U.S.C. Sect.1132 (a)(1)(B). Plaintiff also seeks attorney's fees pursuant to 29 U.S.C. Sect. 1132(g) and ERISA Sect. 502(g).

**ANSWER: Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, along with attorney's fees, and Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits that it issued Group Disability Income Policy Number GD/GF3-830-510510-01 (the "Policy") to Evolent and that, at certain times, the Policy insured benefits from the LTD Plan under the terms of the Policy. Lincoln admits that Plaintiff's claims are governed by ERISA. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.**

## The Parties

5. Dionna Allen, age 43 (born in 1980), is a resident of the City of Flossmoor, Illinois, and many of the events, transactions and occurrences relevant to Plaintiff's claim of disability took place within the State of Illinois, during Plaintiff's employment with Evolent Health, LLC in Chicago, Illinois.

**ANSWER: Lincoln admits that documents containing information concerning Plaintiff's date of birth are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln is**

**without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln admits Plaintiff was, at certain times, employed by Evolent, and was, at certain times, a participant in the LTD Plan. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.**

6. At all times relevant hereto, the Policy constituted an "employee welfare benefit plan" as defined by 29 U.S.C. Sect. 1002(1). Incident to her status as an employee of Evolent Health, LLC, Plaintiff received coverage under the Policy as the "Insured" as defined by Sect. 1002(7). This claim relates to benefits under the foregoing LTD Policy.

**ANSWER: Lincoln admits that the LTD Plan is an employee benefit plan as defined by ERISA. Lincoln admits Plaintiff was, at certain times, employed by Evolent, and was, at certain times, a participant in the LTD Plan. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.**

7. At all times relevant hereto, the LTD policy constituted an "employee welfare benefit plan" as defined by 29 U.S.C. Sect. 1002(1); and incident to her employment, Dionna Allen received coverage under the Policy as a "participant" as defined by 29 U.S.C. Sect. 1002(7).

**ANSWER: Lincoln admits that the LTD Plan is an employee benefit plan as defined by ERISA. Lincoln admits Plaintiff was, at certain times, employed by Evolent, and was, at certain times, a participant in the LTD Plan. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, but Lincoln denies Plaintiff**

**is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.**

**Statement of Facts**

8. Dionna Allen was actively and successfully employed by Evolent Health, LLC as a Data Operations Analyst, until June 1, 2021, when she had to cease working due to Fibromyalgia, Pelvic Floor Dysfunction with Chronic Pelvic Pain and Cervical and Lumbar Radiculopathy.

**ANSWER: Lincoln admits that Plaintiff was, at certain times, employed by Evolent as a Data Operations Analyst and that her last day of work at Evolent was May 28, 2021. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.**

9. Dionna Allen subsequently returned to work part-time but then ceased working altogether on September 22, 2022 and has not performed any substantial gainful activity since September 22, 2022.

**ANSWER: Lincoln admits that documentation reflecting Plaintiff's return to work part-time are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.**

10. Dionna Allen filed a claim for long term disability benefits, alleging that her disabling medical conditions rendered her unable to work, was found to be disabled and was paid long term disability benefits by Lincoln through August 30, 2023.

**ANSWER: Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.**

11. On October 25, 2023, after subsequent further evaluation, Lincoln found that Dionna Allen's disability did not satisfy the 'Any Occupation' standard which was applicable as of August 30, 2023, and notified her that benefits would be paid through October 25, 2023 and that her claim was closed as of August 30, 2023.

**ANSWER: Lincoln admits it sent a letter to Plaintiff dated October 25, 2023, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.**

14.(sic) After receiving Lincoln's denial of long term disability benefits, DIONNA ALLEN filed a detailed appeal of the benefits denial which contained substantial medical and other evidence that supported DIONNA ALLEN's claim that her medical problems met the definition of disability under the policy as of August 30, 2023 and continuing.

**ANSWER: Lincoln admits it received a letter from Plaintiff's counsel, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.**

15. Without cause or reasonable justification, Lincoln subsequently issued a second denial of Benefits on May 10, 2024, in which Lincoln maintained the position that the evidence did not support the Any Other Occupation definition of disability.

**ANSWER: Lincoln admits it sent a letter to Plaintiff's counsel dated May 10, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.**

16. Lincoln's actions have now foreclosed all avenues of administrative appeal and this matter is ripe for judicial review.

**ANSWER: Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.**

17. Dionna Allen is entitled to long-term disability benefits from August 30, 2023 to the present and on an ongoing basis at $3,582.15 per month, plus interest on all overdue payments at the rate of 9% in accordance with 215 ILCS 5/357.9 or 357.9a, and continuing benefits.

**ANSWER: Lincoln denies the allegations contained in Paragraph 17 of the Complaint.**

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A. That the court enter judgment in Plaintiff's favor and against the Defendant for Plaintiff's past-due long term disability income benefits under the Policy;

B. That the court order the defendants to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment at a rate of 9% in accordance with 215 ILCS 5/357.9;

C. That the court award attorneys' fees pursuant to 29 U.S.C. Sect. 1132(g); and

D. That Plaintiff recover all costs of suit.

**ANSWER: Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and denies Plaintiff is entitled to the relief sought from Lincoln in the Request for Relief section of the Complaint.**

**Lincoln denies all allegations contained in the Complaint not specifically admitted herein.**

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to terminate Plaintiff's benefits from the LTD Plan under the Policy was arbitrary and capricious because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which requires offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Lincoln reserves the right to assert additional defenses.

**PRAYER**

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing from it by this action; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 22nd day of October 2024.

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

By: /s/ Iwana Rademaekers
Iwana Rademaekers
State Bar of Texas No. 16452560
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that on the 22nd day of October 2024, the foregoing was filed electronically and that service of same on all counsel of record will be made by the Court's CM/ECF system as follows:

Roger S. Hutchison
Email: roger@hutchison-law.com

/s/ Iwana Rademaekers
Iwana Rademaekers