UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIONNA ALLEN,<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) | Case No. 24-cv-04819<br><br>Honorable Mary M. Rowland<br><br>Magistrate Judge: Jeannice W. Appenteng |

# JOINT INITIAL STATUS REPORT

Plaintiff, Dionna Allen ("Allen" or "Plaintiff"), and Defendant, The Lincoln National Life Insurance Company ("Lincoln" or "Defendant") by their respective attorneys submit the following Joint Initial Status Report:

## I. The Nature of the Case

(a) The attorneys of record for each party are:

(i) Attorney for Plaintiff:

Roger S. Hutchison
Hutchison Law
16860 South Oak Park Avenue, Suite 101
Tinley Park, Illinois 60477
Phone: 708-532-7777
roger@hutchison-law.com
Lead Trial Attorney

(ii) Attorney for Defendant:

Iwana Rademaekers
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone: 214-579-9310
iwana@rademaekers.law.com
Lead Trial Attorney

(b) Basis for Federal Jurisdiction

(c) Federal jurisdiction is based on 28 U.S.C. § 1331, through the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA"), specifically 29 U.S.C. § 1132(e)(1).

(d) Nature of the Claims

This is a civil dispute wherein Plaintiff seeks long-term disability ("LTD") benefits under an employee welfare benefit plan, (the "Plan") governed by ERISA. Defendant is the claims administrator who denied LTD benefits under the terms of the Plan, and contends Plaintiff is not entitled to benefits because he did not meet the terms and conditions of the Plan.

(d) Relief Sought:

Plaintiff seeks all accrued LTD benefits, prejudgment interest, attorney's fees and costs.

Defendant seeks reimbursement of its reasonable attorney's fees and costs.

(e) The major legal and factual issues are as follows:

Whether the applicable standard of review is 'arbitrary and capricious' or 'de novo'.

Whether Defendant's decision was in accord with the terms of the Plan and should be upheld.

Whether Plaintiff is disabled under the Plan, as defined by the terms and conditions of the Plan.

(f) Outstanding Service of Parties

All Parties have been served.

(g) Date for Amendment of Pleadings and/or Parties

The parties agree that they shall have 30 days to amend pleadings and/or parties.

## II. <u>**Discovery and Pending Motions:**</u>

A. Describe the general type of discovery needed.

Plaintiff intends to seek limited discovery in this matter. Defendant contends that the evidence should be limited to the administrative record. The parties will attempt to resolve the differing positions and issues informally. The parties propose that s resolution of any unresolved issues concerning the scope of discovery should be

brought to the Court's attention by December 20, 2024.

B. Provide dates for: (1) Rule 26(a)(1) disclosures; (2) issuing the first set of written discovery requests; (3) fact discovery completion.

This is an ERISA case, which the parties agree is exempt from Rule 26 disclosures and is also except from the MIDP. In lieu of Rule 26 disclosures, Defendant will produce the administrative record by November 22, 2024.

Plaintiff will notify Defendant by December 6, 2024 as to whether Plaintiff stipulates to the completeness of the record.

C. At this time, do the parties anticipate there will be expert discovery?

The parties do not anticipate expert discovery at this time.

D. Briefly describe any currently pending motions or anticipated motions.

Plaintiff intends to seek limited discovery in this matter. Defendant contends that the evidence should be limited to the administrative record. The parties will attempt to resolve the differing positions and issues informally. The parties propose that s resolution of any unresolved issues concerning the scope of discovery should be brought to the Court's attention by December 20, 2024.

E. State whether the parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E).

The parties agree.

## III. Trial

A. A Jury Demand is not applicable in this ERISA proceeding.

B. The parties do not yet have a date by which they anticipate being ready for trial, as the length of time for preparation shall depend upon the course of discovery.

C. Estimate the length of trial:

The Parties propose that simultaneous dispositive cross-motions be filed by January 22, 2025 with cross-response briefs due by February 22, 2025.

If this case went to trial, it would be a bench trial. Trial would take no more than 1 day.

## IV. Consent and Settlement Discussions

A. The parties Do Not Unanimously Consent to Proceed Before the Magistrate Judge.

B. The Plaintiff has tendered a settlement demand to Defendant's in-house counsel.

Now that counsel for Defendant has begun representation, counsel shall review and respond.

C. The parties intend to attempt to settle the matter without a settlement conference so do not yet request a settlement conference.

Respectfully submitted,

Roger S. Hutchison
Hutchison Law
16860 South Oak Park Avenue, Suite 101
Tinley Park, Illinois 60477
Phone: 708-532-7777
roger@hutchison-law.com

Iwana Rademaekers
17304 Preston Road, Suite 800
Dallas, Texas 75252
Phone: 214-579-9310
iwana@rademaekers.law.com

CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Joint Initial Status Report* was filed electronically on October 22, 2024 and that service of same on all counsel of record will be made by the Court's CM/ECF system as follows:

Roger S. Hutchison
roger@hutchison-law.com

I further certify that service was made on the following non-registered ECF counsel of record by placing copies of the foregoing *Joint Initial Status Report* in envelopes properly addressed to them and with sufficient first-class postage pre-paid:

NONE

s/ Roger S. Hutchison